UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MELISSA GREEN,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID J. SHULKIN, M.D.,<br>SECRETARY OF VETERANS AFFAIRS,<br>IN HIS OFFICIAL CAPACITY;<br><br>    Defendant. | 5:17-CV-05090-JLV<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL INITIAL DISCLOSURES (DOC. 12) |

This is a federal employment discrimination action. Defendant David Shulkin, M.D., Secretary of Veterans Affairs, filed a Motion to Compel Initial Disclosures (Doc. 12) requesting that the court order Plaintiff to serve initial disclosures on Defendant pursuant to Federal Rule of Civil Procedure 37(a)(3)(A). United States District Court Judge Jeffrey L. Viken, Chief Judge, referred Defendant's Motion to this magistrate judge for determination. (Doc. 15).

**FACTUAL BACKGROUND**

On December 1, 2017, Plaintiff filed a complaint alleging violations of federal employment discrimination statutes. (Doc. 1). Plaintiff's counsel and the Assistant United States Attorney met as required by Fed. R. Civ. P. 26(f) and filed a discovery report. (Docs. 7, 8). Defendant then sought an unopposed extension of time to produce initial disclosures on July 11, 2018,

1

which the court granted. (Docs. 10, 11). Plaintiff did not produce her initial disclosures as required by the court's scheduling order. (Doc. 14). Thereafter, Defendant contacted Plaintiff's counsel on July 19, 2018, August 7, 2018, August 20, 2018, September 10, 201, and October 1, 2018, requesting that Plaintiff produce her initial disclosures as required. (Docs. 14, 14-1). Plaintiff's counsel neither responded to Defendant's emails and telephone calls, nor provided the required initial disclosures. (Doc. 14). On October 15, 2018, Defendant filed this motion to compel and included the certificate of good faith required by D.S.D. Civ. LR 37.1. (Doc. 14-1).

## **DISCUSSION**

Fed. R. Civ. P. 37(a) allows a party to move for an order compelling disclosure or discovery. Under Rule 37(a)(3)(A), a party may move to compel any disclosure required by Rule 26(a). Rule 26 requires a party to provide initial disclosures, without awaiting a discovery request, at or within 14 days after the parties' Rule 26(f) conference. The primary purpose of the initial disclosure requirement "is to accelerate the exchange of basic information about the case and to eliminate the paperwork involved in requesting such information[.]" E.g., Minn. Mining and Mfg. Co. v. Signtech USA, Ltd., 177 F.R.D. 459, 460 (D. Minn. 1998) (quoting Advisory Committee Notes to 1993 Amendments to Rule 26(a)). Defendant states that because Plaintiff failed to produce initial disclosures as required, discovery has been delayed in this litigation. (Doc. 13 at p. 5).

"The initial disclosures are not optional. They must be made. Furthermore, a motion to compel is the appropriate remedy in the event a party fails or refuses to make these disclosures." SPV-LS, LLC v. Transamerica Life Ins. Co., 4:14-CV-04092-LLP, 2016 WL 3911889, at *4 (D.S.D. July 14, 2016). Plaintiff must produce initial disclosures as required by Rule 26. Further noncompliance by Plaintiff with the court's scheduling order may result in sanctions. Good cause showing, it is hereby

ORDERED that Defendant's Motion to Compel (Doc. 12) is granted. Plaintiff shall provide her initial disclosures to Defendant on or by February 27, 2019.

**NOTICE TO PARTIES**

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED this 13th day of February, 2019.

BY THE COURT:

_____
DANETA WOLLMANN
United States Magistrate Judge